*E-Filed 6/15/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONTE COROTHERS, | No. C 11-1194 RS (PR) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| SALINAS VALLEY STATE PRISON, et al., | |
| Defendants. | |

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica*

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that he suffered an Eighth Amendment violation when he slipped and fell outside a prison shower because defendants had not cleaned up a puddle of water on the floor. More specifically, plaintiff alleges that defendants are liable for (1) deliberate indifference; (2) failure to protect; (3) breaching their mandatory duty; and (4) intentional infliction of emotional distress. Plaintiff has not alleged sufficient facts to state a claim for (1)–(3). What he describes amounts to negligence, or, at worst, gross negligence, neither of which is sufficient to state a claim for deliberate indifference under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 835–36 (1994).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *See id.* at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* Consequently, in order for deliberate indifference to be established, there

**United States District Court**
For the Northern District of California

1  must exist both a purposeful act or failure to act on the part of the defendant and harm
2  resulting therefrom. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992). Plaintiff
3  has not shown that defendants' actions created a substantial risk of serious harm. Not only
4  has he failed to state how serious his injuries were, plaintiff's allegations are not sufficient to
5  overcome the fact that minor safety hazards have not been found to violate the Eighth
6  Amendment. *Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996).

7       Accordingly, claims (1)–(3) are DISMISSED with leave to amend. Plaintiff shall file
8  an amended complaint addressing the deficiencies detailed above within 30 days from the
9  date this order is filed. The first amended complaint must include the caption and civil case
10 number used in this order (11-1194 RS (PR)) and the words FIRST AMENDED
11 COMPLAINT on the first page. Because an amended complaint completely replaces the
12 previous complaints, plaintiff must include in his first amended complaint all the claims he
13 wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963
14 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior
15 complaint by reference. Failure to file an amended complaint in accordance with this order
16 will result in dismissal of this action without further notice to plaintiff.

17      Claim (4) is DISMISSED without leave to amend. Intentional infliction of emotional
18 distress is a state tort claim, and therefore is not remediable under § 1983, though a federal
19 court may exercise supplemental jurisdiction over state claims that form part of the same case
20 or controversy as the cognizable federal claims. 28 U.S.C. § 1367(a). The Court declines to
21 exercise supplemental jurisdiction over this state tort claim. This dismissal is without
22 prejudice.

23 //
24 //
25 //
26 //
27 //
28

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: June 15, 2011

_____
RICHARD SEEBORG
United States District Judge