*E-Filed 6/30/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONTE COROTHERS, | No. C 11-01194 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| SALINAS VALLEY STATE PRISON, et al., | |
| Defendants. | |

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The original complaint was dismissed with leave to amend. Plaintiff has filed an amended complaint. The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff's amended complaint reiterates the claims previously dismissed. Plaintiff alleges that he suffered an Eighth Amendment violation when he slipped and fell outside a prison shower, and suffered injuries to his back and neck, because defendants had not cleaned up a puddle of water on the floor. More specifically, plaintiff alleges that defendants are liable for (1) deliberate indifference; (2) failure to protect; (3) breaching their mandatory duty; and (4) intentional infliction of emotional distress. Plaintiff has not alleged sufficient facts to state a claim. What he describes amounts to negligence, or, at worst, gross negligence, neither of which is sufficient to state a claim for deliberate indifference under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 835–36 (1994).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *See id.* at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id*. Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992). Plaintiff has not shown that defendants' actions created a <u>substantial</u> risk of <u>serious</u> harm. Not only has he failed to state how serious his injuries were, plaintiff's allegations are not sufficient to overcome the fact that minor safety hazards have not been found to violate the Eighth Amendment. *Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996). Accordingly, the action is hereby DISMISSED WITH PREJUDICE. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: June 30, 2011

_____
RICHARD SEEBORG
United States District Judge

No. C 11-01194 RS (PR)
ORDER OF DISMISSAL

3